IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TAHQUAN NIPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV418 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| HOMEQ SERVICING, ARGENT | ) | |
| MORTGAGE COMPANY, LLC, | ) | |
| HALL FINANCIAL SERVICES, | ) | |
| JAMES M. HALL, SR., and | ) | |
| BROCK AND SCOTT, PLLC, | ) | |
| Substitute Trustee, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Wells Fargo Bank, N.A. and HomEq Servicing. (Docket No. 43.) Plaintiff Tahquan Nipper has not responded to the motion, and the time for response has expired. *See* LR7.3(f). Accordingly, the Defendants' motion for summary judgment should be decided as an uncontested motion and should be granted. *See* LR7.3(k).

**The Amended Complaint**

Plaintiff's original complaint in this action identified only Wells Fargo Bank, N.A. ("Wells Fargo") as a Defendant in this action. Plaintiff's First Amended Complaint (Docket No. 27) is now the controlling pleading in the action, and identifies six Defendants, including

Wells Fargo; HomEq Servicing; Argent Mortgage Company, LLC ("Argent"); Hall Financial Services ("Hall Financial"); James M. Hall, Sr.; and Brock and Scott, PLLC ("Brock and Scott"). Nonetheless, there is no record that Defendants Argent, Hall Financial, Hall, and Brock and Scott have ever been served with process. As to those four Defendants, this action should be dismissed under Rule 4(m)(failure to serve within 120 days) and Rule 41(b)(failure to prosecute).

The Amended Complaint purports to state causes of action against Defendants Wells Fargo and HomEq Servicing (1) under the Fair Debt Collection Practices Act, (2) for breach of contract, (3) under the Fair Credit Reporting Act, and (4) for unfair and deceptive trade practices under North Carolina law. After the filing of the Amended Complaint, the Court allowed the parties to conduct discovery as permitted by the federal rules. Plaintiff and his wife were deposed by Wells Fargo and HomEq Servicing. Plaintiff conducted no discovery and failed to respond to the written discovery served upon him by Defendants.

## The Summary Judgment Standard of Review

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a

sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *cert. denied,* 481 U.S. 1029 (1987). A mere scintilla of evidence is insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id*. at 248-49. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

## **Discussion**

This action revolves around the purchase by Plaintiff of certain property in Guilford County, at 5411 Waterpoint Drive, Greensboro, North Carolina. Plaintiff entered into an agreement of purchase on November 9, 2004. Wells Fargo was assigned an interest in the property on November 13, 2004, at a time when Plaintiff's debt on the property was not in default. Wells Fargo appointed HomEq Servicing as its attorney in fact for purposes of

servicing the loan on the property. Plaintiff ultimately defaulted on the loan. In March of 2009, Plaintiff attempted to pay off the loan by submitting non-legal tender to HomEq Servicing. Thereafter, Plaintiff brought this civil action in state court, and the matter was removed to this court.

Review of the summary judgment record shows conclusively that Defendants Wells Fargo and HomEq Servicing are entitled to summary judgment in their favor on numerous grounds. First, Plaintiff Nipper failed to respond to outstanding discovery served upon him. The discovery includes Requests for Admissions wherein Plaintiff was asked to admit that there is no factual premise underlying his allegations on all claims of the Amended Complaint. Under Rule 36(a), Plaintiff's complete failure to respond to the requests constitutes an admission to all of the requests. *See Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 664-68 (N.D.W.Va. 1975). Accordingly, it is conclusively established in this case that there is no factual basis for Plaintiff's claims against Wells Fargo and HomEq Servicing.

Further, Plaintiff's claims fail because the summary judgment record shows, for reasons set forth in Defendants' brief (Docket No. 45) that (1) there is no evidence that Defendants were "debt collectors" for purposes of the Fair Debt Collection Practices Act, (2) there was no contract breach by Defendants and there was no effective loan modification agreement between the parties, (3) there is no evidence that either Defendant was a "consumer reporting agency" for purposes of the Fair Credit Reporting Act or reported

information to credit reporting agencies beyond the Defendants' direct experience with the debtor (Plaintiff), and (4) there is no evidence of an unfair or deceptive trade practice by either Defendant. In fact, the deposition of Plaintiff revealed the rather startling information that *pro se* Plaintiff Nipper initiated this lawsuit despite the fact that he did not prepare the complaint, was not aware of any of the allegations the complaint contained, and did not have an understanding of the claims of the complaint. (Docket No. 43, Defs.' Mot. for Summ. J., Ex. 3, Deposition of Tahquan Nipper, at 43-46.) Plaintiff was not aware of the filing of the complaint. He had paid another person $200 to get a loan modification from Defendants and was unaware of the method this person would use, including the filing of this action, to attempt to secure a loan modification. (*Id*. at 36, 45-46.) Plaintiff's claims in this action are without factual or legal support.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the summary judgment motion of Wells Fargo and HomEq Servicing (Docket No. 43) be granted and that Plaintiff's claims against the other Defendants identified in the Amended Complaint should be dismissed for Plaintiff's failure to serve process and failure to prosecute. This action should be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 15, 2010